## CIRCUIT COURT OF THE CITY OF RICHMOND

Peggy Sue Varga

v.

Capital Enterprise Ins. Co.

June 29, 1989

By JUDGE JAMES M. LUMPKIN

The issue here is whether the plaintiff and her husband resided at the same household under subject automobile insurance policy.

At trial, Mr. Varga testified that from the time of the separation until the date of the accident he continued to spend some nights during the week at the Tangiers Circle residence. He visited the couple's children there on a daily basis, and he left most of his clothes and personal belongings at Tangiers Circle.

The couple remained on more or less amicable terms during this period. Mrs. Varga testified that she continued to work with her husband. Neither party sought a divorce. Mr. Varga did not seek to change his address. Mrs. Varga did, however, testify that she slept with Thomas C. Williams, on one occasion, contrary to Mr. Williams's testimony.

The evidence disclosed that the Vargas had experienced separations in the past. Mrs. Varga left the marital home on two or three occasions while her husband left one or two times.

On the date of the accident, three vehicles were insured under the policy with medical coverage on each in the amount of $5,000.00.

Plaintiff contends that she is entitled to coverage because she was a resident of the same household as her husband on the date of her injury. She also claims that she is a named insured under the policy even though the policy listed her as an insured driver.

Since the Court finds that the couple resided at the same household for purposes of medical coverage, it will not address the named insured issue.

Under the policy the term "named insured" can include a spouse if he or she resides in the same household as the insured. In determining if a person resides in a particular household, the party's intent is a major factor. *Allstate Insurance Co. v. Patterson*, 231 Va. 358 (1986). This intent must be manifested by regular contact with the household. *Id.*, at 363. And, there is a strong public policy in favor of continuing coverage to both spouses during the legal existence of the marriage. *Hawaiian Insurance & Guaranty Co. v. Federated American Insurance Co.*, 13 Wash. App. 7, 534 P.2d 48 (1975).

In *Geico v. Allstate Insurance Co.*, 235 Va. 542 (1988), the Supreme Court held that the husband was not a resident of his wife's household for purposes of coverage based on the following reasons:

> At the time of the accident, James had not resided in Wilhemina's household for approximately four months. James had removed virtually all [of] his belongings from the marital home and, so far as the record discloses, had returned to the home on only one brief occasion. More important, nothing in the record suggests that James ever intended to reconcile and resume cohabitation with Wilhemina. 235 Va. at 548.

However, this case is just the opposite. Mr. Varga testified that he spent some nights during the week in the same household as plaintiff. He visited his children on a daily basis at the residence, and he left most of his clothes and personal belongings at Tangiers Circle. More importantly, the Vargas remained on good terms and never sought a divorce throughout this period. In light of the number of times this couple has separated and

gotten back together, it is not unrealistic to believe these parties will reconcile their differences.

For these reasons and the strong public policy in favor of continuing coverage to both spouses, the Court finds for the plaintiff.